# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13-cv-02938-STA-tmp |
| | ) | |
| STEPHANIE EDMOND, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND JUDGMENT OF PERMANENT INJUNCTION

Plaintiff, the United States of America, filed a complaint for permanent injunction against the defendant, Stephanie Edmond ("Edmond"), formerly doing business as The Tax Factory, and the Tax Factory Enterprises, Inc. ("Defendants").

The Defendants, without admitting any of the allegations in the complaint except as to jurisdiction, waives the entry of findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, and consents to the entry of this permanent injunction under Federal Rule of Civil Procedure 65 and 26 U.S.C. §§ 7402, 7407, and 7408. The Defendants further waive any right that the Defendants may have to appeal from this permanent injunction. The United States and the Defendants agree that the entry of this permanent injunction neither precludes the Internal Revenue Service from assessing penalties against the Defendants for asserted violations of the Internal Revenue Code nor precludes the Defendants from contesting any such penalties.

The United States and the Defendants further agree that the entry of this permanent injunction constitutes the final judgment in this case.

NOW, THEREFORE, it is accordingly ORDERED, ADJUDGED, and DECREED that:

1. The Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345, and under 26 U.S.C. §§ 7402, 7407, and 7408.

2. The Court finds that the Defendants has neither admitted nor denied the United States' allegations that the Defendants engaged in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701.

3. Defendants and their agents, servants, employees, independent contractors, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order and Judgment of Permanent Injunction are permanently enjoined under 26 U.S.C. §§ 7402 and 7408 from:

    (a) Engaging in any conduct that interferes with the proper administration and enforcement of the internal revenue laws; and

    (b) Engaging in activity subject to penalty under 26 U.S.C. § 6701, including preparing or assisting in the preparation of a federal tax return, amended return, refund claim, or any other document relating to a matter material under the internal revenue laws that includes a position that the Defendants knows will, if used, result in the understatement of another person's federal tax liability;

    (c) Engaging in any other conduct subject to penalty under the Internal Revenue Code;

    (d) Misrepresenting any of the terms of this Order and Judgment of Permanent Injunction;

    (e) Engaging in any conduct subject to penalty under 26 U.S.C. §§ 6694,

including, but not limited to, preparing tax returns that falsely claim Schedule C business losses from non-existent Schedule C businesses; fictitious charitable contributions; and false head-of-household status; false Earned Income Tax Credits, false American Opportunity Credits, or other false educational credits, and

(f) Engaging in any conduct subject to penalty under 26 U.S.C. § 6695, including, but not limited to, negotiating federal income tax refund checks in violation of 26 U.S.C. § 6695(f) by arranging for a portion of her customers' tax refunds to be electronically deposited into her own bank account or an account of one of her family members in order to pay her tax return preparation fee.

4. Defendants and their agents, servants, employees, independent contractors, attorneys, and all persons in active concert or participation with them shall be required to implement a monitoring system of the federal tax returns that they prepare. The monitoring system must be administered by a third-party monitor ("Monitor") and shall include the following provisions:

(a) The Monitor shall be a neutral, third-party certified public accountant, who shall be compensated by Defendants and shall be approved by a representative designated by the Department of Justice.

(b) The Monitor may inspect any books and records of the Defendants to ensure that they are complying with the terms of this Order and Judgment of Permanent Injunction. The Monitor shall randomly select, inspect, and review at least 3% of all income tax returns prepared by the Defendants

involving tax returns that either (1) report income from a sole proprietorship, or (b) claim an Earned Income Tax Credit, American Opportunity Credits, or other false educational credits.

(c) The Monitor must review returns at least once a month.

(d) The Defendants will be required to provide the Monitor with all information to conduct truly random, statistically valid samples of returns, and obtain any waivers necessary to share the federal income tax returns and related files for any client with the Monitor.

(e) The Monitor shall be required to provide a written report to the Department of Justice regarding any improper or fraudulent returns by the 14th of the following month (i.e., for the month of January, the report must be filed by February 14).

5. The Defendants shall file with the Clerk of the Court, within 30 days after the entry of the Order and Judgment of Permanent Injunction, a sworn certificate of compliance, signed under penalty of perjury, stating that they have complied with the foregoing directive.

6. The United States may engage in post-judgment discovery to ensure compliance with this Order and Judgment of Permanent Injunction.

7. This Court shall retain jurisdiction over this civil action to enforce her compliance with the terms of this Order and Judgment of Permanent Injunction.

8	The United States may provide actual notice of the permanent injunction entered in this action by mailing a true and correct copy thereof to the Defendants, by registered or certified mail, upon their undersigned counsel

                                                **s/ S. Thomas Anderson**
JUDGE S. THOMAS ANDERSON
UNITED STATES DISTRICT COURT

Date:   April 17, 2015.