IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:13-cv-02938-STA-tmp |
| | ) | |
| STEPHANIE EDMOND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On December 3, 2013, the United States filed a complaint against Defendants Stephanie Edmond and Tax Factory Enterprise, Inc. ("Tax Factory"), to enjoin them from operating a tax return preparation business. (ECF No. 1.) The Court entered an "Order and Judgment of Permanent Injunction" upon consent motion of the parties on April 17, 2015. (ECF No. 24.) On July 16, 2015, on motion of the United States (ECF No. 27), the Court ordered Defendants to show cause why they should not be held in contempt for failing to comply with the terms of the permanent injunction. (ECF No. 28.) On August 7, 2015, the Court vacated the order to show cause at the request of the United States based on the compliance of Defendants with the April 17, 2015, order. (ECF No. 34.)

The United States filed a second motion for order to show cause on December 31, 2015 (ECF No. 35), contending that, again, Defendants were not in compliance. A hearing was held on January 15, 2016. (ECF No. 39.) At the hearing, Defendants' counsel was allowed to withdraw, and Defendants were given thirty days in which to seek new counsel. The Court granted the United States' second motion to show cause and enjoined Defendants, as well as their agents, servants, employees, independent contractors, and all persons in active concert or

1

participation with them, from preparing any federal tax returns until further orders of the Court. (ECF Nos. 39, 40.)

At the request of Defendants' new counsel (ECF No. 42), this Court held an evidentiary hearing on the United States' second motion to show cause on March 18, 2016. (ECF No. 45.) The witnesses who testified were Marcus Lane, Monitor Robert Vance, Candace McLaughlin, Stephanie Edmond, and Revenue Officer Renesha Turnage. At the conclusion of the hearing, the Court determined that the injunction from January 15, 2016, should remain in effect until the Court issued a written order and ordered Defendant Edmond to display a copy of the injunction at her place of business. (*Id.*)

In accordance with the Court's instructions, both parties have submitted proposed findings of fact and conclusions of law**.** (ECF Nos. 49, 50.) The Court, having considered the evidence presented at the hearing, its credibility determinations, the arguments of counsel, the relevant case law, and the entire record, makes the following findings of fact and conclusions of law.

Findings of Fact

1. Defendant Stephanie Edmond is a tax return preparer.

2. Edmond's husband is Kevin Williams. Williams is also a tax return preparer.

3. Defendant Tax Factory is a corporation formed under the laws of the State of Nevada. Edmond is the corporation's vice president. Williams is the corporation's president. The Tax Factory's address is 2826 Coleman Road, Memphis, Tennessee.

4. The permanent injunction entered on April 17, 2015,[1] prohibited Defendants Edmond and the Tax Factory, as well as their "agents, servants, employees independent contractors, . . . and all persons in active concern or participation with them," from engaging in conduct that would interfere with tax administration, including (but not limited to) preparing false returns, claiming improper deductions or credits, or otherwise engaging in conduct that could result in tax penalties. In addition, Defendants were required to hire a monitor within thirty days. The monitor would review at least three per cent of the tax returns prepared by Defendants to ensure compliance with the tax laws. The monitor would then report to the United States on a monthly basis. Defendants were also ordered to allow the monitor to have access to their books and records.

5. Defendants selected Robert Vance, CPA, as their monitor in July 2015. Vance required Defendants to provide a list of all fees collected and deposit those fees into a bank account. Defendants would be required to produce copies of their bank statements each month so that Vance would be able to cross-check that he had received all of the tax returns that Defendants had filed.[2]

6. Defendants provided two returns to Vance before December 1, 2015. Those are the only two returns that Defendants provided to Vance from the time that Vance was hired through December 31, 2015. Additional returns were provided in January 2016, but both of those returns were prepared before the permanent injunction was in place.

---

[1] (Order, ECF No. 24.)

[2] (Vance Engagement Letter, ECF No. 35-3.)

7. Vance sent a letter dated December 1, 2015, to Defendants regarding their failure to comply with the permanent injunction. The letter raised several concerns regarding the two returns that had been provided, and it noted that Defendants had failed to provide monthly client lists and bank statements. The letter asked for a response by December 11, 2015.[3]

8. Vance did not receive any communication from Defendants in response to the letter of December 1, 2015, and he never received any bank statements.

9. Defendants have failed to pay all of Vance's bills.

10. Shortly after Defendants received the December 1, 2015, letter from Vance, Williams contacted Marcus Lane, a college friend, for help in creating a new tax return preparation entity. Williams arranged to use the Electronic Filing Identification Number ("EFIN") that Lane had obtained for his own company for a fee. Other than providing an EFIN, Lane had no role with the new entity and did not consent to have any other role with the new entity.

11. Williams had sufficient time to obtain his own EFIN prior to the start of the new tax season without using Lane's services.

12. The application for the new tax return preparation entity, the "Tax Firm," lists Marcus Lane as the primary contact, principal, and responsible official for the Tax Firm. Neither Edmond nor Williams are listed on the application, although the Court finds credible Lane's testimony that

---

[3] (Hearing Ex. 2, Letter dated 12/1/2015 to Stephanie Edmond from Forensic & Valuation Services, ECF No. 45.)

Williams should have been listed on the application rather than Lane.[4] The physical address of the Tax Firm is listed as 2828 Coleman Road, Memphis, Tennessee.[5]

13. Although Edmond testified that the 2828 Coleman Road address is next door to 2826 Coleman Road and that the two addresses are completely separate, Revenue Officer Renesha Turnage conducted a field visit and observed that the two adjacent offices are combined into one large office space. The address at 2828 Coleman Road has an arrow sign that states "use other door" and points to 2826 Coleman Road, i.e., the address of the enjoined Tax Factory.[6]

14. There is no evidence in the record to show the incorporation of any corporation or company known as the Tax Firm in the State of Tennessee or elsewhere.

15. Out of the thirteen tax return preparers at the Tax Firm, ten had worked for Defendants in the calendar year 2015. Ninety per cent of the income tax returns that had been filed by the Tax Firm were prepared by former employees of and/or independent contractors associated with Defendants.[7]

16. Vance has not received any copies of tax returns or bank statements from the Tax Firm.

17. There is no evidence in the record of any sale agreements for the assets of the Tax Factory, any evidence of an assumption of any leases or real property, or any other evidence to show that the Tax Firm is anything more than a successor and continuation of the Tax Factory. Instead, the

---

[4] *See Yu v. Ashcroft*, 364 F.3d 700, 703 (6th Cir. 2004) (Credibility determinations are considered to be findings of fact.)

[5] (Hearing Ex. 9, e-file Application Information: Application Summary, ECF No. 45.)

[6] (Hearing Ex. 14, photographs, ECF No. 45.)

[7] (Hearing Ex. 12, Summary: Tax Factory/Tax Firm Return Preparers, ECF No. 45.)

evidence shows that Williams, the president of the Tax Factory, is the owner of the Tax Firm. The Tax Firm shares the same address as the Tax Factory and carries on the same business purpose of preparing federal tax returns. And, the Tax Firm retained substantially the same workers as its predecessor. Accordingly, the Court finds that the Tax Firm is the successor of the Tax Factory.

18. The Court finds that Edmond had actual and/or constructive notice that the Tax Firm was a successor and continuation of the Tax Factory rather than a separate, unrelated entity and rejects Edmond's argument that "there is no substantial evidence of any connection with the Tax Firm on her part"[8] in light of the evidence described above.

19. Although Edmond testified that she is competent to file tax returns electronically and desires to re-open her own business, the Court finds that Edmond is not competent, or if competent, she is not willing to prepare returns that comply with the law.

20. Several of the returns that Defendants prepared after the imposition of the permanent injunction contained inappropriate deductions or claims for credit.[9] Vance raised these issues in his letter of December 1, 2015,[10] but Edmond did not contact Vance regarding his concerns or otherwise correct the errors.

21. Edmond testified that, if the injunction is lifted, she would hire a new monitor as she believes Vance's rates are too high, but she did not provide any evidence that she has taken steps

---

[8] (Defs' Prop. Findings, p. 6, ECF No. 50.)

[9] (Hearing Ex. 7, 8, Income Tax Returns, ECF No. 45.)

[10] (Hearing Ex. 12, Summary: Tax Factory/Tax Firm Return Preparers, ECF No. 45.)

to identify a monitor that the Department of Justice would approve that is less expensive than Vance.

22. The Court credits the testimony of Revenue Officer Ranesha Turnage that Edmond failed to file her own tax returns for the tax years 2012, 2013, and 2014. In addition, Edmond still owes federal income taxes for tax year 2011. Edmond is not eligible to obtain an EFIN to file tax returns on behalf of others while her own income tax returns remain unfiled or a balance is owed on her prior year returns.

22. The Court finds Edmond's testimony that she thought the monitoring would not begin until January 2016 not to be credible in light of the explicit language in the April 17, 2015, "Order and Judgment of Permanent Injunction" which provided for the hiring of a monitor and the implementation of a monitoring system and stated that " The Defendants shall file with the Clerk of the Court, within 30 days after the entry of the Order and Judgment of Permanent Injunction, a sworn certificate of compliance, signed under penalty of perjury, stating that they have complied with the foregoing directive."[11]

The Court notes that Edmond has provided conflicting reasons for not complying with the monitoring requirements, e.g., marital problems, a difficult pregnancy, the cost of the monitor, and a misunderstanding as to the effective date of the permanent injunction. Edmond's conflicting testimony diminishes her credibility.[12]

## Conclusions of Law

---

[11] (Order, paras. 4, 5, ECF No. 24.)

[12] *Oregon v. Haas*, 420 U.S. 714, 722 (1975) (stating that credibility may be impeached by the use of a witness's earlier conflicting statements).

1. The judiciary's contempt power is "one weapon in its arsenal" that may be deployed to enforce its orders.[13] That power is "a necessary and integral part of the independence of the judiciary, and [it] is absolutely essential to the performance of the duties imposed on them by law."[14] A consent judgment, such as in the present case, has features both of a contract and a judicial pronouncement.[15] It is contractual in that it represents an agreement by the parties, but it also is a judicial act because the Court's approval places the imprimatur of the Court on the parties' agreement.[16] Thus, the terms of an agreed order are enforceable by the Court through its contempt powers.[17]

2. In order to establish contempt, the charging party must prove the existence of a court order and show that the respondent's conduct violated its terms.[18] Since civil contempt is remedial in nature, the charging party need not establish willfulness; "intent in disobeying [an] order ... is irrelevant to the validity of the contempt finding."[19] Accordingly, a court may hold someone in

---

[13] *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003).

[14] *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911); *see also Shillitani v. United States*, 384 U.S. 364, 370 (1966) (asserting that "[t]here can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt").

[15] *See Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983).

[16] *United States v. State of Mich.*, 940 F.2d 143, 150 (6th Cir. 1991).

[17] *See Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716 (6th Cir. 1996).

[18] *Id.* at 720 (stating that the plaintiffs "ha[ve] the burden of establishing by clear and convincing evidence that the [defendants] 'violated a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order.' ") (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)).

[19] *In re Jaques*, 761 F.2d 302, 306 (6th Cir. 1985) (citation omitted).

contempt if there is "clear and convincing evidence that shows that '[person] violated a definite and specific order of the court requiring [that person] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'"[20]

3. The permanent injunction in the present case is definite and specific. It provides that Defendants "shall be required to implement a monitoring system of the federal tax returns that they prepare."[21] In addition, Defendants were prohibited from engaging in conduct that could be subject to penalties, including the preparation of fictitious Schedule C expenses.[22]

4. Defendants' actions in filing returns with fictitious Schedule C losses and otherwise claiming improper deductions violate the permanent injunction, and they are in contempt of this Court. Defendants have also violated the permanent injunction by failing to cooperate with the monitor. Defendants have failed to make their books and records available to the monitor for inspection. In addition, the returns prepared since January 1, 2016, have not been presented to the monitor for his inspection.

5. The second injunction is definite and specific. It states that Defendants as well as their agents, servants, employees, independent contractors, and all persons in active concert or participation are enjoined "from preparing federal tax returns."[23]

6. Defendants and its successor, the Tax Firm, are in violation of the second injunction, and they are in contempt of this Court. There is no evidence that the Tax Firm was created for any reason

---

[20] *Elec. Workers,* 340 F.3d at 379 (citation omitted).

[21] (Order, para. 4, ECF No. 24.)

[22] (*Id.*, para. 3(a)-3(c).)

[23] (Order, ECF No. 40.)

except to escape the review of the monitor and the injunctions issued by this Court. There is no evidence to show a legitimate separate entity. Instead, the evidence demonstrates that Tax Firm was created for the improper purpose of flouting the Court's orders.

7. As a successor to Defendants, the Tax Firm had actual notice of the injunction. Moreover, Williams was the president of the Tax Factory, and he engaged in repeated subterfuge designed to escape detection by the IRS, allowing the inference that he possessed actual notice of the order.[24]

8. Based on this finding of contempt, Defendants, including their successor Tax Firm and its owner, Kevin Williams, are enjoined from preparing tax returns. Notice of the order entered today shall be provided by Defendant Edmond to Williams, the Tax Firm, and all persons performing services at the location of 2826 and 2828 Coleman Road, Memphis, Tennessee. In addition, a copy of this order shall be posted on the front doors at 2826 and 2828 Coleman Road to protect both the public and the United States.

9. Additionally, Defendants, including the successor Tax Firm and its owner, Kevin Williams, are ordered to disgorge all fees collected for the preparation of returns at 2826 and/or 2828 Coleman Road, Memphis, Tennessee, or using the EFIN held by the Tax Firm or any further

---

[24] *See Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 14 (1945) (injunctions also bind "successors and assigns who operate as 'merely a disguised continuance of the old employer' ... whether [the business was transferred] as a means of evading the judgment or for other reasons" (citations omitted)); *Vacco v. Operation Rescue Nat'l*, 80 F.3d 64, 71 (2d Cir. 1996) (finding successor organization bound by injunction because its leadership, goals and activities were identical to enjoined predecessor); *Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 776 F.3d 1, 10 (D.C. Cir. 2015) ("RLBS simply carries on the business of the now-defunct RLS—an entity expressly named in the February injunction."); *Roe v. Operation Rescue*, 919 F.2d 857, 871 (3d Cir. 1990) ("The law does not permit the instigator of contemptuous conduct to absolve himself of contempt liability by leaving the physical performance of the forbidden conduct to others.").

successors from January 15, 2016, and forward, to the United States.[25] Defendants may not reduce the fees to be disgorged on account of the payment to Marcus Lane or any other person for the purpose of obtaining an EFIN or otherwise operating a return preparation business.

10. Defendants are also ordered to provide bank statements, as set out below, to the United States to allow it to verify that all fees have been disgorged and to verify whether other returns were prepared or other entities created in an effort to further evade this Court's injunctive orders.

## Summary and Conclusion

Upon consideration of the United States' second motion to show cause and based on the findings of facts and conclusions of law above, and for good cause shown, the Court hereby concludes by clear and convincing evidence that Defendants Stephanie Edmond and the Tax Factory are in civil contempt of the permanent injunction, and Defendants Stephanie Edmond and the Tax Factory and its successor, the Tax Firm, are in civil contempt of the second injunction. Therefore, it is hereby **ORDERED** that:

Defendants, including their successor the Tax Firm and Kevin Williams, as well as any agents, servants, employees independent contractors, and all persons in active concern or participation with them are **ENJOINED** from preparing federal tax returns;

---

[25] *See, e.g., F.T.C. v. Leshin*, 618 F.3d 1221 (11th Cir. 2010) (The order to disgorge all fees collected in violation of the injunction is a civil sanction for contempt. The sanction to disgorge all fees collected from post-order contracts and from continuing to collect from existing clients is remedial in nature. The order of disgorgement attempts to restore the status quo before the contempt defendants, in violation of the injunction, represented to consumers that they could lawfully enter into contracts in certain states. Moreover, the contempt sanctions are civil in nature because the sanctions were imposed to compensate consumers for the losses they sustained . . . .").

Within three (3) business days of the entry of this order, Defendant Stephanie Edmond shall provide actual notice of the order to Kevin Williams and all independent contractors or employees of the Tax Firm by: (a) providing a copy of this order to Kevin Williams by personal service, (b) posting notice of this order on the front door(s) of 2826 Coleman Road and 2828 Coleman Road, Memphis, Tennessee, and (c) posting notice of this order prominently inside the 2826 Coleman Road and 2828 Coleman Road, Memphis, Tennessee location(s) and any other locations where Defendants, including the Tax Firm, have been operating;

Defendant Stephanie Edmond shall file a notice with this Court confirming her delivery of this order to all non-parties as described in the preceding paragraph, within five (5) business days of the entry of this order;

Within seven (7) business days of the entry of this order, Defendants shall provide to the United States copies of all bank statements where Defendants, the Tax Firm, and Kevin Williams hold a beneficial interest for the period from June 30, 2015, to the present;

Within seven (7) business days of the entry of this order, Defendants shall provide a statement of each and all returns prepared since January 15, 2016, and the fee that was charged for the preparation of each return;

Defendants shall disgorge all fees collected since January 15, 2016, by sending a check made payable to the "United States Treasury" to the following address: US Department of Justice, Tax Division, PO Box 310, Washington, DC 20044 within fourteen (14) days of the entry of this order;

Failure to comply with this order or the prior injunctions issued in this matter may result in further sanctions, including but not limited, to incarceration to coerce compliance and/or compensate the United States for the damage caused by the contemptuous conduct.

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

Date: April 4, 2016.